IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC; 1001 WL LLC; BDFI LLC; and JETALL COMPANIES, INC.,** § § § § | | |
| Plaintiffs, § | | |
| § | CIVIL ACTION NO. | 4:23-cv-1762 |
| v. § | | |
| § | | |
| **SONDER CANADA, INC.** § | JURY TRIAL DEMANDED | |
| § | | |
| Defendant. § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Galleria 2425 Owner LLC ("Galleria"), 1001 WL LLC ("1001 WL"), BDFI LLC ("BDFI") and Jetall Companies, Inc. ("Jetall") (together, the "Plaintiffs") file this Original Complaint against Defendant Sonder Canada, Inc. ("Sonder Canada" or "Defendant") and allege the following:

## I.
## INTRODUCTION

1. Plaintiffs operate high-end buildings in Houston. In 2018 and 2019, Sonder USA Inc. ("Sonder USA") contacted Plaintiffs because it was desiring to lease space in those buildings as part of its expansion into Houston. Sonder USA is a highly-funded startup that offers short-term rentals in upscale apartment buildings as an alternative to hotels. Plaintiffs and Sonder USA entered into five leases, each for a term of 184 months. The rent to be paid over the term of the leases exceeds $90 million.

2. Given the scope and length of these leases, Plaintiffs did not want to rely on Sonder USA alone to ensure payment. So Plaintiffs signed the leases only after Sonder USA's parent company, Sonder Canada, agreed to guarantee the leases in the event Sonder USA defaulted. In

1

those guaranties, Sonder Canada unconditionally and absolutely guaranteed performance of all obligations by its affiliate under the five commercial leases.  These guaranties include Sonder Canada's promise to pay all rent and other charges owed by its affiliate under the leases.

3. Soon after committing to the long-term leases at Plaintiffs' buildings, Sonder USA backed out of its agreements.  In the early days of the COVID-19 pandemic, with both work and business travel greatly reduced, Sonder USA terminated the leases.  Because the general downturn in the travel industry did not justify terminating the leases, Sonder USA came up with pretextual reasons that falsely claimed Plaintiffs had defaulted.  This was part of a nationwide pattern and practice in which Sonder USA manufactured reasons to blame landlords so it could exit leases during the depths of the pandemic.  For example, Sonder USA also terminated a lease in San Francisco around the same time it terminated leases with Plaintiffs.  And Sonder USA was sued multiple times for backing out of leases in New York City.

4. Plaintiffs, though, had bargained for an insurance policy for just this possibility that Sonder USA would break its leases: the guaranties from Sonder Canada.  And with the downturn in the commercial real estate during the pandemic, those guaranties became vital because other tenants could not be found.

5. But Sonder Canada also broke its promise to Plaintiffs.  It has refused to honor its guaranties.  As a result, Plaintiffs have suffered millions of dollars in lost rents as the leased spaces have been unoccupied.  Plaintiffs bring this lawsuit to enforce the promises that Sonder Canada made but has broken.

## II.
## PARTIES

6. Plaintiff Galleria 2425 Owner LLC is a limited liability company doing business in Texas. Galleria is a citizen of Texas for purposes of diversity jurisdiction because all of its members are citizens of Texas.

7. Plaintiff 1001 WL LLC is a limited liability company doing business in Texas. 1001 WL is a citizen of Texas for purposes of diversity jurisdiction because all of its members are citizens of Texas.

8. Plaintiff BDFI LLC is a limited liability company doing business in Texas. BDFI is a citizen of Texas for purposes of diversity jurisdiction because all of its members are citizens of Texas.

9. Plaintiff Jetall Companies, Inc. is a Texas corporation doing business in Texas. Jetall is a citizen of Texas for purposes of diversity jurisdiction because it was incorporated in Texas and maintains its principal place of business in Texas.

10. Defendant Sonder Canada, Inc. is a Canadian corporation with its principal place of business in California. It is therefore a citizen of Canada and California for purposes of diversity jurisdiction. Sonder Canada is a corporate entity that does not maintain a regular place of business in Texas nor has designated a registered agent for service of process in the state. As such, under Texas Civil Practice and Remedies Code §17.041-045, the Texas Secretary of State is Sonder Canada's agent for service of process in this proceeding, which arises out of business Sonder Canada has done in the State of Texas, and Sonder Canada may be served through the Texas Secretary of State. The Secretary of State shall thereafter forward a copy by certified mail, return receipt requested, to Sonder Canada, Inc. at: (a) 3875 Rue Saint-Urbain, Suite 300, Montreal, Quebec H2W 1V1, Canada, and (b) 101 15th Street, San Francisco, California 94103.

Alternatively, process may be served on any officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, or through means pursuant to Rule 4(f) of the Federal Rules of Civil Procedure.

## III.
## JURISDICTION AND VENUE

11. This court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states. Plaintiffs are citizens of Texas and Defendant is a citizen of Canada and California.

12. This Court has personal jurisdiction over Defendant because this lawsuit arises out of, and is connected with, the purposeful acts committed by Defendant in Texas. Specifically, Defendant guaranteed leases all of which were for property in Texas. Thus, Defendant directed its activities to Texas and this lawsuit arises out of those contacts Defendant has with Texas.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the property that is the subject of the action is situated in this District.

## IV.
## FACTS

**A.   The Leases**

14. Each of the Plaintiffs controlled certain real property in the Houston area, including the following:

    a) Galleria operates the building located at 2425 West Loop South, Houston, Texas ("2425 West Loop").

    b) 1001 WL operates the building located at 1001 West Loop South, Houston, Texas ("1001 West Loop").

c) BDFI operates the building located at 50 Briar Hollow Lane, Houston, Texas ("50 Briar Hollow").

d) Jetall operates the building located at 1123 Bartlett, Houston, Texas ("1123 Bartlett").[1]

15. Sonder USA Inc. (Sonder USA or Tenant) is a hospitality company that offers apartment-style stays in cities throughout the world. As part of its business, Sonder USA enters into multi-year leases with real property owners.

16. Beginning in 2019, Sonder USA negotiated and entered into multiple long-term leases with Plaintiffs for space in the Properties (together, the "Leases"), the terms of which are summarized as follows:

|  | **2425 West Loop**[2] | **2425 West Loop**[3] | **1001 West Loop**[4] | **50 Briar Hollow**[5] | **1123 Bartlett**[6] |
|---|---|---|---|---|---|
| **Landlord** | Galleria | Galleria | 1001 WL | BDFI | Jetall |
| **Tenant** | Sonder USA | Sonder USA | Sonder USA | Sonder USA | Sonder USA |
| **Lease Date** | February 1, 2019 | April 2, 2019 | April 1, 2019 | May 10, 2019 | March 31, 2019 |
| **Commencement Date** | March 1, 2019 | March 26, 2020 | June 1, 2019 | June 1, 2019 | June 1, 2019 |
| **Term Length** | 184 months | 184 months | 184 months | 184 months | 184 months |
| **Premises** | 53,800 square feet on 2nd and 8th floors | 26,900 square feet on 4th floor | 60,146 square feet on 3rd and 4th floors | 62,629 square feet on 2nd through 6th floors | 20 one-bedroom; 8 two-bedroom units |

---

[1] 2425 West Loop, 1001 West Loop, 50 Briar Hollow, and 1123 Bartlett are collectively referred to herein as the "Properties."

[2] Referred to herein as the "First 2425 West Loop Lease."

[3] Referred to herein as the "Second 2425 West Loop Lease."

[4] Referred to herein as the "1001 West Loop Lease."

[5] Referred to herein as the "50 Briar Hollow Lease."

[6] Referred to herein as the "1123 Bartlett Lease."

### B. Sonder Canada Guaranties the Leases

17. Sonder Canada executed unconditional and absolute Corporate Guaranties concurrently with each of the Leases (together, the "Guaranties"). Each of the Guaranties is identical and attached as exhibit "I" to the applicable Lease.

18. Pursuant to the Guaranties, Sonder Canada absolutely and unconditionally guaranteed all of Tenant's obligations under the applicable lease. Each of the Guaranties requires Sonder Canada to pay to the Landlord under the Lease all rent or other sums or charges payable by Tenant in the event that Tenant is in default of the Lease. The Guaranties also require Sonder Canada to pay to the Landlord all damages, costs, and expenses that may arise from Tenant's default.

### C. Sonder USA Breaches the Leases and Sonder Canada Refuses Payment Under the Guaranties

19. Despite the Plaintiffs' full performance of all obligations and conditions of the Leases, Sonder USA failed and refused to pay monthly rent and all other sums due under the Leases.

20. Sonder USA's initial failure to pay the monthly rent owed under the applicable Leases occurred in the following months and has continued for each successive month:

   a) First 2425 West Loop Lease: July 2019.

   b) Second 2425 West Loop Lease: August 2020.

   c) 1001 West Loop Lease: October 2019.

   d) 50 Briar Hollow Lease: October 2019.

   e) 1123 Bartlett Lease: October 2019.

Sonder USA is in material default of the Leases as a result.

21. In an attempt to avoid its obligations and existing defaults under the Leases, Sonder USA sent notices to Plaintiffs purporting to terminate each of the Leases as of June 2020 without adequate justification.

22. Sonder USA's unpaid rental charges (including late charges) have been accruing since Sonder USA's default under each of the Leases. Damages will continue to accrue until a new tenant for the applicable leased premises is secured or until the end of the term for each of the Leases, whichever is sooner.

23. Pursuant to the Guaranties, Plaintiffs are entitled to recover from Sonder Canada (a) all past-due rent and indebtedness owed under the Lease and all future rent and other charges owed under the Lease during the balance of its term; (b) Plaintiffs' costs of repairing or otherwise putting the leased premises in a condition acceptable to a new tenant; (c) Plaintiffs' broker fees incurred in connection with reletting the leased premises; (d) all reasonable attorneys' fees and expenses incurred by Plaintiffs' in enforcing their remedies.

24. Despite demand, Sonder Canada has refused to pay Plaintiffs all amounts due and owing under the Guaranties.

25. Plaintiffs have not terminated the Leases or the Guaranties. Despite ongoing efforts, Plaintiffs have been unable to re-lease the leased premises contained in the Leases to date.

## V.
## CAUSES OF ACTIONS

### COUNT ONE — BREACH OF FIRST 2425 WEST LOOP LEASE GUARANTY

26. Galleria realleges the factual allegations previously set forth.

27. The Guaranty included in the First 2425 West Loop Lease constitutes a valid and binding contract between Galleria and Sonder Canada. Pursuant to the Guaranty, Sonder Canada is absolutely and unconditionally liable for Sonder USA's obligations under the First 2425 West Loop Lease.

28. Sonder USA defaulted under the First 2425 West Loop Lease by failing to pay monthly rent and all other sums owed to Galleria.

29. Despite demand, Sonder Canada has also failed and refused to pay Galleria all amounts due pursuant to its Guaranty.

30. Sonder Canada's failure to pay Sonder USA's past due rental charges constitutes a material default under the Guaranty.

31. As a direct and proximate result of Sonder Canada's breach of the Guaranty, Galleria has suffered millions of dollars in damages under the Guaranty for unpaid rent.

32. Damages are ongoing and continue to accrue on a monthly basis until the expiration of the First 2425 West Loop Lease or until Galleria is able to re-lease the leased premises. The total rent due under the term of the lease is $22,467,131.25.

**COUNT TWO — BREACH OF SECOND 2425 WEST LOOP LEASE GUARANTY**

33. Galleria re-alleges the factual allegations previously set forth.

34. The Guaranty included in the Second 2425 West Loop Lease constitutes a valid and binding contract between Galleria and Sonder Canada. Pursuant to the Guaranty, Sonder Canada is absolutely and unconditionally liable for Sonder USA's obligations under the Second 2425 West Loop Lease.

35. Sonder USA defaulted under the Second 2425 West Loop Lease by failing to pay monthly rent and all other sums owed to Galleria.

36. Despite demand, Sonder Canada has also failed and refused to pay Galleria all amounts due pursuant to its Guaranty.

37. Sonder Canada's failure to pay Sonder USA's past due rental charges constitutes a material default under the Guaranty.

38. As a direct and proximate result of Sonder Canada's breach of the Guaranty, Galleria has suffered millions of dollars in damages for unpaid rent under the Guaranty.

39. Damages are ongoing and continue to accrue on a monthly basis until the expiration of the Second 2425 West Loop Lease or until Galleria is able to re-lease the leased premises. The total rent due under the term of the lease is $11,233,565.63.

### COUNT THREE — BREACH OF 1001 WEST LOOP LEASE GUARANTY

40. 1001 WL re-alleges the factual allegations previously set forth.

41. The Guaranty included in the 1001 West Loop Lease constitutes a valid and binding contract between 1001 WL and Sonder Canada. Pursuant to the Guaranty, Sonder Canada is absolutely and unconditionally liable for Sonder USA's obligations under the 1001 West Loop Lease.

42. Sonder USA defaulted under the 1001 West Loop Lease by failing to pay monthly rent and all other sums owed to 1001 WL.

43. Despite demand, Sonder Canada has also failed and refused to pay 1001 WL all amounts due pursuant to its Guaranty.

44. Sonder Canada's failure to pay Sonder USA's past due rental charges constitutes a material default under the Guaranty.

45. As a direct and proximate result of Sonder Canada's breach of the Guaranty, 1001 WL has suffered millions of dollars in damages under the Guaranty for unpaid rent.

46. Damages are ongoing and continue to accrue on a monthly basis until the expiration of the 1001 West Loop Lease or until 1001 WL is able to re-lease the leased premises. The total rent due under the term of the lease is $22,960,731.07.

### COUNT FOUR — BREACH OF 50 BRIAR HOLLOW LEASE GUARANTY

47. BDFI re-alleges the factual allegations previously set forth.

48. The Guaranty included in the 50 Briar Hollow Lease constitutes a valid and binding contract between BDFI and Sonder Canada. Pursuant to the Guaranty, Sonder Canada is absolutely and unconditionally liable for Sonder USA's obligations under the 50 Briar Hollow Lease.

49. Sonder USA defaulted under the 50 Briar Hollow Lease by failing to pay monthly rent and all other sums owed to BDFI.

50. Despite demand, Sonder Canada has also failed and refused to pay BDFI all amounts due pursuant to its Guaranty.

51. Sonder Canada's failure to pay Sonder USA's past due rental charges constitutes a material default under the Guaranty.

52. As a direct and proximate result of Sonder Canada's breach of the Guaranty, BDFI has suffered millions of dollars in damages under the Guaranty for unpaid rent.

53. Damages are ongoing and continue to accrue on a monthly basis until the expiration of the 50 Briar Hollow Lease or until BDFI is able to re-lease the leased premises. The total rent due under the term of the lease is $27,103,656.96.

## COUNT FIVE — BREACH OF 1123 BARTLETT LEASE GUARANTY

54. Jetall re-alleges the factual allegations previously set forth.

55. The Guaranty included in the 1123 Bartlett Lease constitutes a valid and binding contract between Jetall and Sonder Canada. Pursuant to the Guaranty, Sonder Canada is absolutely and unconditionally liable for Sonder USA's obligations under the 1123 Bartlett Lease.

56. Sonder USA defaulted under the 1123 Bartlett Lease by failing to pay monthly rent and all other sums owed to Jetall.

57. Despite demand, Sonder Canada has also failed and refused to pay Jetall all amounts due pursuant to its Guaranty.

58. Sonder Canada's failure to pay Sonder USA's past due rental charges constitutes a material default under the Guaranty.

59. As a direct and proximate result of Sonder Canada's breach of the Guaranty, Jetall has suffered millions of dollars in damages under the Guaranty for unpaid rent.

60. Damages are ongoing and continue to accrue on a monthly basis until the expiration of the 1123 Bartlett Lease or until Jetall is able to re-lease the leased premises. The total rent due under the term of the lease is $9,594,560.46.

## VI.
## PRAYER FOR RELIEF

61. For the breaches of contract alleged above, Plaintiffs respectfully request the following relief:

   A. Damages resulting from the breach of the Guaranties;

   B. All reasonable and necessary attorneys' fees, expenses, and costs of court pursuant to applicable law, including Section 38.001 of the Texas Civil Practice & Remedies Code;

   C. Prejudgment interest;

   D. Postjudgment interest; and

   E. Such other relief as the Court deems just and proper.

Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP

By  */s/ Gregg Costa*
   Gregg Costa
   State Bar No. 24028160
   gcosta@gibsondunn.com
   Sydney Scott
   State Bar No. 24088379
   811 Main Street, Suite 3000
   Houston, Texas 77002
   Telephone:  346.718.6649


AKIN GUMP STRAUSS HAUER & FELD LLP

By  */s/ Jim Wetwiska*
   Jim Wetwiska
   State Bar No. 00785223
   jwetwiska@akingump.com
   Nicholas E. Petree
   State Bar No. 24083657
   npetree@akingump.com
   1111 Louisiana, 44th Floor
   Houston, Texas 77002-5200
   Telephone:  713.220.5800
   Facsimile:  713.236.0822

**ATTORNEYS FOR PLAINTIFFS**